IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RONALD A. STRUCKMEYER and PATRICIA A. STRUCKMEYER, | ) ) ) |
| Debtors-Appellants, | ) ) ) Case No. 17-CV-1036-SMY |
| vs. | ) ) |
| | ) Bankruptcy Case No. 16-41176 |
| DANA S. FRAZIER, | ) ) |
| Trustee-Appellee. | ) ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Pending before the Court is Debtors/Appellants Ronald Struckmeyer and Patricia Struckmeyer's appeal of the September 18, 2017, Order of the Bankruptcy Court. Appellants and Appellee Dana Frazier ("the Trustee") filed Briefs (Docs. 2 and 5), and Appellants filed a Reply Brief (Doc. 6). For the following reasons, the decision of the Bankruptcy Court is **AFFIRMED**.

## Background

On December 8, 2010, Patricia Struckmeyer was injured in an automobile accident. Appellants retained counsel to pursue claims arising from the accident. A lawsuit was never filed, and a settlement was reached in August 2012. A general release of all claims was executed by Appellants on August 31, 2012 in exchange for a payment of $322,500.00. As detailed in the Final Settlement Statement, after payment of attorney's fees and costs and outstanding medical liens, the net settlement payment to Appellants was $164,451.61. Appellants initially deposited the settlement proceeds into their joint checking account.

In October 2012, $45,000.00 of the settlement proceeds was deposited into a joint investment account managed by TAASK Investment Group. The funds have been held in this account since that date, with balance fluctuations due to interest and market variables. On December 31, 2016, the account had a value of $26,042.11, according to the account statement.

On December 26, 2016, Appellants filed a voluntary petition for Chapter 7 bankruptcy in the United States Bankruptcy Court for the Southern District of Illinois, Case No. 16-41176. Appellants claimed a $15,000.00 exemption pursuant to 735 ILCS 5/12-1001(h)(4) as to their investment account on their original Schedule C. On September 13, 2017, Appellants filed a Third Amended Schedule C, adding a personal injury exemption pursuant to 735 ILCS 5/12-1001(h)(4) for the investment account; identifying it as "Husband's exemption" in the amount of $15,000.00. Appellants maintained the original $15,000 personal injury exemption for the investment account and added a description identifying it as "Wife's exemption."

The Trustee conceded the exemption as to Patricia Struckmeyer, but timely objected to the claimed exemption as to Ronald Struckmeyer, on the grounds that loss of consortium claims do not fall within the scope of the 735 ILCS 5/12- 1001(h)(4) exemption. On September 18, 2017, Bankruptcy Judge Laura Grandy sustained the objection. Appellants filed a Notice of Appeal on September 26, 2017.

**Discussion**

Pursuant to 28 U.S.C. § 158, a federal district court has jurisdiction to hear appeals from the rulings of the bankruptcy court. On appeal, the district court "may affirm, modify or reverse a bankruptcy court's judgment, order or decree, or remand with instructions for further proceedings." Fed.R.Bankr.P. 8013; *see also In re Krueger*, 192 F.3d 733, 737 (7th Cir. 1999). The district court reviews the bankruptcy court's findings of fact for clear error and reviews its

conclusions of law de novo. *First Weber Group, Inc. v. Horsfall* , 738 F.3d 767, 776 (7th Cir. 2013).

Illinois exemption statutes are to be interpreted liberally in favor of the debtor only if there is an ambiguity in the language of the statute under which the exemption is claimed; not when there is an ambiguity in the manner in which the exemption is claimed by the debtor. *See In re Barker,* 768 F.2d 191, 196 (7th Cir. 1985); *In re Kuhn*, 322 B.R. 377, 385-86 (Bankr. N.D. Ind. 2005). If a statute is plain and unambiguous on its face, "judicial inquiry is complete." *Connecticut Nat. Bank v. Germain,* 503 U.S. 249, 254 (1992). Put another way, if the statutory language is clear and unambiguous, the Court should look no further. *In re Barker,* 768 F.2d 191, 194 (7th Cir. 1985). 735 ILCS 5/12-1001(h)(4) provides in pertinent part:

> The following personal property, owned by the debtor, is exempt from judgment, attachment, or distress for rent:
> \* \* \* \* \* \*
> (h)  The debtor's right to receive, or property that is traceable to:
>   (4) a payment, not to exceed $15,000 in value, on account of personal bodily injury of the debtor or an individual of whom the debtor was a dependent…

After apparently first concluding that a statutory ambiguity existed, numerous bankruptcy courts interpreting the same or similar statutory provisions have held that a loss of consortium claim is exempt because it is derived from the spouse's personal bodily injury. *See In re Graves*, 464 B.R. 225 (Bankr. E.D. Pa. 2012); *In re Dealey*, 204 B.R. at 18 (citing cases); *In re Prewitt*, 1997 WL 33479227, at \*1 (Bankr. C.D. Ill. Dec. 31, 1997). Conversely, in *In re Owen*, 2002 WL 531570 (S.D. Ill. 2002), on which Bankruptcy Judge Grandy relied in the instant matter, the district judge dissected the term "personal bodily injury" and concluded that the Illinois statute restricted the exemption to claims by the individual who suffered the bodily injury, thereby excluding loss of consortium claims.

This Court does not find 735 ILCS 5/12–1001(h)(4) to be ambiguous at all, and therefore, will not look any further than the statutory language itself. The statute exempts personal property, owned **by the debtor** and that is "*traceable to a payment … on account of personal bodily injury of the debtor or an individual of whom the debtor was a dependent*…" Based on this plain and unambiguous statutory language, the exemption applies only to the debtor who sustained personal bodily injuries or to an individual who is dependent on the injured debtor. Although a loss of consortium claim is derivative in nature, settlement funds from the claim cannot be traced to a payment made on account of personal bodily injuries of the debtor seeking the exemption.

In this case, because Ronald Struckmeyer was not involved in the automobile accident and did not sustain any personal bodily injuries, he can only claim the exemption if he establishes that he is a dependent of his wife. However, a review of the record reveals Appellants did not argue that Ronald is a dependent of Patricia, neither during the bankruptcy proceedings nor in their brief on the instant appeal; choosing instead to rely solely on the argument that a loss of consortium claim is exempt because of its derivative nature. Thus, they have waived their right to make that argument at this juncture. *See Matter of Kroner*, 953 F.2d 317, 319 (7th Cir. 1992) (holding that Chapter 7 litigant waived argument by not raising it in bankruptcy court below).

Because Ronald Struckmeyer neither sustained a personal bodily injury nor established that he is a dependent of his wife, the Struckmeyers cannot claim an exemption for the loss of consortium claim under 735 ILCS 5/12-1001(h). Accordingly, the September 18, 2017, Order of the Bankruptcy Court is **AFFIRMED**.

**IT IS SO ORDERED.**

**DATED:** May 29, 2018

                                              **s/ Staci M. Yandle**
                                              **STACI M. YANDLE**
                                              **United States District Judge**